# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| RONNIE RANDOLH, Register No. 48868, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 09-4059-CV-C-SOW |
| DAVE DORMIRE, et al., | ) ) ) |
| Defendants. | ) |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Ronnie Randolph, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1] Plaintiff names as defendants Jefferson City Correctional Center Superintendent Dave Dormire and Corrections Officer Chad E. Sheehan.

Plaintiff alleges that when he was disciplined by defendants due to a misunderstanding in communication arising out of his disability, his constitutional rights were violated, as well as his rights under the ADA and the Rehabilitation Act.

Based on his inmate account information, plaintiff has been granted provisional leave to proceed without prepaying the filing fee and costs, subject to modification pursuant to the screening process required by 28 U.S.C. §§ 1915 and 1915A. Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1965 (2007). "The complaint must 'provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind.'" Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005)).

In the instant case, plaintiff's allegation that on one occasion, defendants misunderstood his physical touching of a corrections officer, resulting in his being temporarily placed in administrative segregation, fails to set forth sufficient facts to show he is entitled to relief under section 1983. If what plaintiff claims is true, it was an unfortunate incident, but such a one-time misunderstanding does not rise to the level of a violation of his constitutional rights or his rights under the ADA, absent some reason to believe defendants were motivated to act as they did because of plaintiff's disabilities.

On July l6, 2009, plaintiff filed a motion to amend his complaint. A party is permitted to amend his complaint once, as a matter of course, any time before a responsive pleading is served. Fed. R. Civ. P. 15. No responsive pleading has been filed in this case.

Based on the foregoing, plaintiff's motion for appointment of counsel is denied, without prejudice.

IT IS, THEREFORE, ORDERED that plaintiff's motion for appointment of counsel is denied, without prejudice. [10] It is further

ORDERED that plaintiff's motion to amend his complaint is granted. [11] It is further

RECOMMENDED that plaintiff's claims be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

2

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 20th day of August, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge